**Andrea Z. CHRISTIAN, Plaintiff–Appellant,**

v.

**LUCILE PACKARD CHILDREN'S HOSPITAL, Defendant–Appellee.**

No. 06–15194.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 7, 2007.*

Filed Dec. 20, 2007.

Howard Moore, Jr., Esq., Oakland, CA, for Plaintiff–Appellant.

R.App. P. 34(a)(2).

**22**

Alyson Cabrera, Esq., Gordon & Rees, LLP, San Francisco, CA, for Defendant–Appellee.

Before: KOZINSKI, Chief Judge, COWEN,** and HAWKINS, Circuit Judges.

MEMORANDUM ***

We review the grant of summary judgment *de novo,* viewing the evidence in the light most favorable to the non-moving party. *Buono v. Norton,* 371 F.3d 543, 545 (9th Cir.2004).

There is no merit to Christian's arguments that the District Court disregarded certain relevant evidence and improperly credited the testimony of interested witnesses. The District Court considered the evidence pertaining directly to Christian's time-barred claims in deciding that she satisfied her *prima facie* showing on the disability termination claim. *See Raad v. Fairbanks N. Star Borough Sch. Dist.,* 323 F.3d 1185, 1192 (9th Cir.2003). That a witness may have an interest in the outcome of the case merely goes to the evidentiary weight of his testimony and does not entirely preclude its consideration at the summary judgment stage.

Christian did not proffer any evidence of pretext to rebut the employer's facially legitimate reasons for her negative performance reviews and termination, i.e., her evaluations were based on criticism from co-workers, and her termination occurred because she failed to return to work upon the conclusion of her allotted personal leave. Since all of her discrimination and retaliation claims are premised on these adverse employment actions, the District Court correctly concluded that Christian failed to carry her burden. *See Manatt v. Bank of Am.,* 339 F.3d 792, 801 (9th Cir. 2003) (affirming grant of summary judgment where employee did not show pretext); *see also Flait v. N. Am. Watch Corp.,* 3 Cal.App.4th 467, 475–76, 4 Cal. Rptr.2d 522 (1992) (same burden-shifting analysis applies to California retaliatory termination claims as to federal employment claims).

**AFFIRMED.**

---

** The Honorable Robert E. Cowen, Senior United States Circuit Judge for the Third Circuit, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.